**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ISAAC GODWIN,**

    **Plaintiff,**

**v.**                                                                  **Case No.: 8:13-CV-1527-T-23EAJ**

**TECO ENERGY, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is pro se Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the Court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Plaintiff is single and does not have any dependents. Plaintiff has been unemployed since January 19, 2012, when he was earning $3,400 monthly as a utility worker. Plaintiff states that he does not have any money in bank accounts. He owns a Hummer H2 vehicle valued at $12,000, and although Plaintiff states that he owes $12,000 on the vehicle, he does identify a car payment among

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

his debts and obligations.

Plaintiff also owns a home valued at $45,000 against which he owes $109,000. His monthly mortgage payment is $1,100. Plaintiff is indebted to three creditors for a total of $5,472 on which he makes monthly payments totaling $227. Given incomplete information regarding Plaintiff's obligation on his vehicle, his affidavit of indigency requires clarification.

However, Plaintiff's complaint (Dkt. 1) does not call for dismissal due to frivolity, maliciousness, failure to state a claim, or immunity.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiff's construed motion for leave to proceed in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2)   Plaintiff be granted an opportunity to file an amended motion to proceed in forma pauperis supplemented with complete financial information or submit the requisite filing fee to the Clerk; and

(3)   Plaintiff's failure to file an amended motion or pay the requisite filing fee result in dismissal of Plaintiff's complaint.

ELIZABETH A JENKINS
United States Magistrate Judge

**Date: June 20, 2013**

2

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).


Copies to:
Pro Se Plaintiff